# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| KEITH A. CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>TOTAL ACCOUNT SPECIALTY COLLECTIONS,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 5:18-cv-00123<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Keith A. Campbell ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Total Account Specialty Collections ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas, Plaintiff resides in the Eastern District of Texas, and a substantial

portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of Texas.

5. Defendant is a debt collector with its principal place of business located at 2102 Wood Street, Texarkana, TX 75503. Defendant prides itself on being "Account recovery at it's [sic] best."[1]

## FACTS SUPPORTING CAUSE OF ACTION

6. Around 2008, Plaintiff incurred, and subsequently defaulted on, a medical debt ("subject debt").

7. Around 2012, the statute of limitations on the subject debt expired.

8. Around 2015, Plaintiff received a telephone call on his cellular phone, (903) XXX-9584, from Defendant in an attempt to collect on the subject debt.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 9584.

10. At no time did Defendant send Plaintiff any correspondences notifying him of his rights pursuant to 15 U.S.C. §1692g.

11. Around April 2017, tired of being bombarded with collection calls to his cellular phone, Plaintiff requested that Defendant stop calling him.

12. Unfortunately for Plaintiff, Defendant completely disregarded his request and continued to incessantly call him, using both live agents and prerecorded messages.

---

[1] http://www.ourtasc.com/home.html

13. Notwithstanding Plaintiff's clear request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between April 2017 and the present day.

14. Moreover, in some of the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Moreover, in the remainder of the calls Plaintiff answered, Plaintiff was greeted by a prerecorded voice message.

17. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

18. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone system that is commonly used in the debt collection industry to collect defaulted loans.

20. The phone number that Defendant most often uses to contact Plaintiff is (903) 794-2024 but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

**DAMAGES**

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with his attorneys.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

29. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

30. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

32. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e(2), and g through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

33. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being repeatedly notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

34. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

35. Defendant was notified by Plaintiff that its calls were not welcomed and harmful. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    b. **Violations of FDCPA § 1692d**

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his cellular phone.

37. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Plaintiff received numerous calls to his cellular phone between April 2017 and the present day, without his prior consent.

    c. **Violations of FDCPA § 1692e**

38. Defendant violated §1692e(2) by engaging in misleading communications when it incessantly called Plaintiff's cellular phone seeking to collect on a debt where the statute of limitations had expired. The statute of limitations on collecting the subject debt expired around 2012.

    d. **Violations of FDCPA § 1692g**

39. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant, through its initial communication, demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

40. As pled above, Plaintiff was severely harmed by Defendant's conduct.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

42. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

43. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff KEITH A. CAMPBELL respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

<u>COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

46. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

47. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls on some of the phone calls that Plaintiff answered and the prerecorded messages on the other calls, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

48. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between 2017 and the present day, using an ATDS without his prior consent.

49. Any prior consent, if any, was revoked by Plaintiff's clear verbal revocation.

50. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

51. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

52. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

53. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

54. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff KEITH A. CAMPBELL respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### Count III – Violations of the Texas Debt Collection Act

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

57. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

58. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

59. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

60. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone, despite his demands, was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

61. Furthermore, Defendant relentlessly contacted Plaintiff multiple times per day on numerous occasions. Placing such voluminous calls on the same day in short succession constitutes

conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

62. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff, KEITH A. CAMPBELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).
c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).
d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);
f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 25, 2018

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com